# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 17-1845 FMO (AFMx)** | Date | **April 10, 2017** |
|---|---|---|---|

| Title | **1197 West 39th Street, LLC v. Seterus, Inc., et al.** |
|---|---|

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Remanding Action**

On February 24, 2017, 1197 West 39th Street, LLC ("plaintiff") filed the operative Second Amended Complaint ("SAC") in the Los Angeles County Superior Court against Seterus, Inc. ("Seterus") and the Federal National Mortgage Association, Inc. ("Fannie Mae") (collectively, "defendants"), asserting state-law claims for: (1) declaratory relief; and (2) violation of California Civil Code § 2943. (See Dkt. 1, Notice of Removal of Action ("NOR") at 3; Dkt. 1-9, SAC at ¶¶ 1-48). The instant action arises out of plaintiff's purchase of real property and its efforts to obtain information about the loan from defendants. (See Dkt. 1-9, SAC at ¶¶ 4-48). On March 8, 2017, defendants removed the instant action on federal question jurisdiction grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Dkt. 1, NOR at ¶ 3). On March 31, 2017, plaintiff filed a Motion to Remand to State Court and for an Award of Attorney's Fees (Dkt. 14, "Motion"). Having reviewed the pleadings and the briefing with respect to the Motion, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 17-1845 FMO (AFMx)** | Date | **April 10, 2017** |
|---|---|---|---|
| Title | **1197 West 39th Street, LLC v. Seterus, Inc., et al.** | | |

otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health & Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-1845 FMO (AFMx) | Date | **April 10, 2017** |
|---|---|---|---|

| Title | **1197 West 39th Street, LLC v. Seterus, Inc., et al.** |
|---|---|

## DISCUSSION

I.    SUBJECT MATTER JURISDICTION.

Based on the court's review of the NOR and the briefing on the Motion, the court finds that it lacks subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying federal question jurisdiction, and therefore removal was improper. See 28 U.S.C. § 1441(a);[2] Caterpillar Inc., 482 U.S. at 392, 107 S.Ct. at 2429 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

The SAC asserts only two state-law claims, including one pursuant to California Civil Code § 2943 ("§ 2943"), which requires a beneficiary to provide a copy of the note and other information within 21 days of receipt of a written demand. See Cal. Civ. Code § 2943(b); (see also Dkt. 1-9, SAC at ¶ 32) (alleging that Fannie Mae, as holder of the Deed of Trust, was required to provide information within 21 days of demand). Defendants, however, assert that federal question jurisdiction exists because the SAC also asserts a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et. seq. (See Dkt. 1, NOR at ¶ 3; see also Dkt. 20, [Defendants'] Opposition to Plaintiff's Motion to Remand Action to State Court and Request for Attorney's Fees ("Opp.") at 4-5). According to defendants, plaintiff asserted a RESPA claim when it alleged that Fannie Mae's[3] conduct violated § 2943, and that its "actions (and omissions) also constitute a violation of [RESPA]." (See Dkt. 1, NOR at ¶ 3 (citing Dkt. 1-9, SAC at ¶ 39); Dkt. 20, Opp. at 5). However, such a fleeting reference to RESPA buried in a cause of action under § 2943 is insufficient to confer federal question jurisdiction. Federal law, specifically, RESPA, does not create the cause of action; nor does plaintiff's right to relief depend on its resolution.[4] See, e.g., Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856 (1983), superseded by statute on

---

[2]   Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[3]   This claim is asserted only against Fannie Mae. (See Dkt. 1-9, SAC at ¶¶ 31-48) ("By Plaintiff Against All Defendants except Seterus for Violation of Civil Code Section 2943").

[4]   Nor does plaintiff's cause of action for declaratory relief necessary rely on RESPA. (See, e.g., Dkt. 20, Opp. at 2-4).

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-1845 FMO (AFMx)** | Date | **April 10, 2017** |
|---|---|---|---|
| Title | **1197 West 39th Street, LLC v. Seterus, Inc., et al.** | | |

other grounds, as recognized in DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc., 2017 WL 1075050, *4 (9th Cir. 2017) ("Congress has given the lower federal courts jurisdiction to hear, originally or by removal from state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden. Therefore, there is no basis for federal question jurisdiction. See 28 U.S.C. § 1331.

II.     COSTS AND FEES.

Plaintiff seeks an award of attorney's fees and costs in connection with its Motion. (See Dkt. 14, Motion at 10-11). Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). Here, the court finds that defendants did not lack an objectively reasonable basis for removal.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's Motion to Remand **(Document No. 14)** is **granted in part** and **denied in part**. The Motion is granted to the extent it seeks remand of the action to state court. The Motion is denied to the extent plaintiff seeks fees and costs.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer _____vdr_____